# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL HOOD**<br>    **LA. DOC #403793** | **CIVIL ACTION NO. 2:10-cv-1445** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On September 15, 2010 *pro se* petitioner, Michael Hood, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his September 17, 2003 convictions for armed robbery, manslaughter, and second degree kidnapping and the consecutive sentences totaling 150 years imposed by the Thirtieth Judicial District Court, Vernon Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

A Vernon Parish Grand Jury indicted petitioner on a charge of first degree murder, a capital offense under Louisiana law. See La. R.S.14:30. On September 17, 2003, petitioner

entered into a plea agreement. He pled guilty to charges of manslaughter (Docket Number 61167), armed robbery (Docket Number 65074), and second degree kidnapping (Docket Number 65075). (Doc. 1, Att. 3, Exhibit B, p. 4). In accordance with the plea agreement he was sentenced to serve consecutive sentences totaling 150 years. (Doc. 1, ¶1-5; Doc. 1, Att. 2, p. 5).[1]

Petitioner did not appeal his conviction or sentence. (Doc. 1, ¶8).

On some unspecified date petitioner filed an application for post-conviction relief in the Thirtieth Judicial District Court raising a claim of ineffective assistance of counsel. His application was denied on some unspecified date. (Doc. 1, ¶11). Petitioner apparently sought review in the Third Circuit Court of Appeals in a matter assigned Docket Number KH 06-1540, and, when relief was denied, he filed a writ application in the Louisiana Supreme Court. That court denied relief without comment on March 24, 2008. *State of Louisiana ex rel. Michael Lee Hood v. State of Louisiana*, 2007-1232 (La. 3/24/2008), 977 So.2d 947.[2]

On January 16, 2008, petitioner filed a *pro se* Motion to Withdraw Guilty Plea in the Thirtieth Judicial District Court. The motion was docketed under Docket Numbers 61167, 65074, and 65075. Petitioner alleged that he "pled guilty predicated upon the professional advice of Attorney David Stone, who specifically told [him] that he would be parole eligible after serving 20 years, via the provisions of La. R.S15:574.4(A)(3)." (Doc. 13, Exhibit 1, p. 11).

---

[1] On September 16, 2003 petitioner's attorney wrote a letter stating, "[i]n line with our recent conversation, and in anticipation of your plea of guilty to the amended charges of Armed Robbery, Second Degree Kidnapping, and Manslaughter for which you receive a sentence from the court of 150 years in the custody of the Department of Corrections ... It is my professional opinion that you will receive parole upon becoming eligible after serving 20 years." (Doc. 1, Att. 3, p. 3, Exhibit A) (Emphasis added).

[2] Petitioner did not provide exhibits or any other details with respect to this application for post-conviction relief. However, he did allege the filing of such a pleading in the District Court and he did allege that he sought review of the denial of the application in the Louisiana Supreme Court. Additionally, the presumptively reliable published jurisprudence of the State of Louisiana confirms that petitioner applied for supervisory and/or remedial writs in the Louisiana Supreme Court seeking review of District Court cases 65074, 65075, and 61167, and a matter assigned Docket Number KH 06-1540 on the Third Circuit's docket. *See State of Louisiana ex rel. Michael Lee*

He argued that his Master Prison Record "reflects a parole eligibility date of 2141." (*Id.* at 12). He then argued that his "...due process rights were violated and that he could not have entered the plea bargain intelligently and knowingly when it was based on misinformation of his attorney. *Id.* at 12. He asked the Court to grant his motion and allow him to withdraw his guilty plea, or, in the alternative, to order the Department of Corrections to amend his Master Prison Record to reflect a parole eligibility date of September 26, 2023. (*Id.* at 13).

In due course, counsel was appointed to represent petitioner and on April 7, 2009, a hearing was convened. (Doc. 1, Att. 3, Exhibit 2, pp. 14-26). The prosecutor offered evidence (plea agreement and plea transcript) and argument to establish that petitioner waived his right to seek review of the plea. Based on the evidence presented the trial judge denied relief stating, "...I'm going to grant the State's motion to enforce the contract [plea agreement] at this time..." (Doc. 1, Att. 3, Exhibit 2, p. 24).

On May 5, 2009, petitioner filed a writ application with the Third Circuit Court of Appeals. (Doc. 1, Att.3, Exhibit 4, pp. 29-42). Among other things petitioner argued, "[t]he Judge failed to consider that Petitioner's claim is a direct challenge to the legitimacy of the plea and waiver. If the Court were to determine that the plea was involuntary or that the government breached the plea agreement, the waiver, too, would be called into question. . . . . A claim that a plea is constitutionally infirm implicates 14th amendment constitutional due process concerns." (*Id.* at 37) (citations omitted).

Petitioner also argued that counsel was ineffective and that absent the deficient performance, he would have rejected the plea agreement and insisted on going to trial. In support of this latter assertion, petitioner claimed that he was actually innocent of the charges

---

*Hood*, 2007-1232 (La. 3/24/2008), 977 So.2d 947.

and that "[h]e pled guilty based solely upon the advice of his lawyer. Defense counsel advised Petitioner that the gamble of going to trial was not worth the risk of the State 'placing a needle in your arm.' Counsel's advice was to take the agreed upon sentences, keep a good conduct record while incarcerated and make parole after serving 20 years." (*Id*. at 41).

On August 19, 2009, the Third Circuit denied writs finding "... no error in the trial court's denial of Relator's motion to withdraw guilty plea." *State of Louisiana v. Michael Lee Hood*, No. KH 09-0566 (La. App. 3 Cir. 8/19/2009). (Doc. 1, Att. 3, Exhibit 5, p. 43).

On September 1, 2009, petitioner filed a writ application in the Supreme Court raising essentially identical arguments. (Doc. 1, Att. 3, Exhibit 6, pp. 44-61). On August 18, 2010, the Supreme Court denied writs citing La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189. *State of Louisiana ex rel. Michael Lee Hood v. State of Louisiana*, 2009-2090 (La. 8/18/2010), 42 So.3d 397. (Doc. 1, Att. 3, Exhibit 7, p. 62).

Petitioner signed his *habeas* petition on September 9, 2010; it was received and filed on September 15, 2010. Petitioner argues that his attorney's erroneous advice concerning parole eligibility rendered his plea unknowing and unintelligent and therefore rendered the guilty plea constitutionally infirm; that he received ineffective assistance of counsel and, that had he been correctly informed concerning parole eligibility, he would have rejected the plea agreement and insisted on going to trial.

*Law and Analysis*

1. *Limitations – 28 U.S.C. §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the limitations provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184

F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, (5th Cir. 1998) citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 472, citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir.1998). Further, limitations is tolled only for so long as the post-conviction proceeding remains properly filed and pending. See *Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner pled guilty and was sentenced on September 17, 2003. (Doc. 1, Att. 3, Exhibit B, p. 4). He did not appeal. Indeed, under Louisiana law, petitioner could not appeal his

---

[3] Petitioner does not allege that state created impediments delayed the filing of this petition; nor does he rely upon a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, the factual predicate of petitioner's claims were apparently discovered shortly after petitioner's entry into the custody of the Department of Corrections. See 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

conviction since he entered a guilty plea, and a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, petitioner could not appeal his sentence. La. C.Cr.P. art. 881.2(A)(2) provides; "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner's plea agreement specified a particular sentence and petitioner was sentenced to the agreed upon sentence.

Nevertheless, for AEDPA purposes, petitioner's judgment of conviction and sentence became final by the expiration of the time for seeking direct review, ( 28 U.S.C. §2244(d)(1)(A)), on October 17, 2003, with the expiration of the 30 day period for filing a motion for appeal provided by La. C.Cr.P. art. 914(B). Under 28 U.S.C. §2244(d)(1) petitioner had one year, or until sometime prior to October 17, 2004 to file his federal *habeas* petition.

Petitioner filed an application for post-conviction relief on some unspecified date, and that post-conviction proceeding apparently remained pending until March 24, 2008 when, as noted above, the Louisiana Supreme Court denied writs in the matter. *State of Louisiana ex rel. Michael Lee Hood v. State of Louisiana*, 2007-1232 (La. 3/24/2008), 977 So.2d 947. If he filed this application prior to October 17, 2004, the date the AEDPA limitations period expired, then, he could rely on the tolling provisions of §2244(d)(2) which provide, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Giving petitioner the benefit of every doubt, it will be assumed, for the purposes of this Report and Recommendation, that he filed his application for post-conviction relief shortly after

6

sentence was imposed and that he was thus able to toll limitations during the period that his application for post-conviction relief remained pending in either the Thirtieth Judicial District Court or the Third Circuit Court of Appeals, or the Louisiana Supreme Court. Under this generous (and improbable) scenario, petitioner was able to toll limitations until March 24, 2008, so that as of that date, none of the limitations period had expired.

However, limitations began to run (at the latest) on March 25, 2008 since petitioner's first post-conviction application, having been rejected by the Supreme Court, was no longer pending. Petitioner's January 16, 2008 Motion to Withdraw Guilty Plea (Doc. 1, Att. 3, Exhibit 1, pp. 11-13), was ultimately construed as a second application for post-conviction relief and, since it was denied as untimely by Louisiana Supreme Court[4] the pleading could not be considered as "properly filed" and therefore could not toll limitations pursuant to §2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-18, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(An untimely filed state post-conviction pleading is not "properly filed" so as to toll limitations under the AEDPA.). In other words, the period from January 16, 2008 (when the pleading was filed) until August 18, 2010 (when the Louisiana Supreme Court construed the pleading as an untimely filed application for post-conviction relief, did not toll the AEDPA limitations period. Since more than one-year elapsed un-tolled from March 24, 2008 when the Supreme Court denied writs on

---

[4] As noted above, the Supreme Court invoked La. C.Cr.P. art. 930.8 and *cited State ex rel. Glover v. State,* 93-2330 (La. 9/5/95), 660 So.2d 1189, in its order denying writs. Art. 930.8 provides a 2-year limitations period for filing applications for post-conviction relief; the two-year period is generally reckoned from the date of finality of judgment. In *Glover*, the Supreme Court held that an appellate court is not precluded from denying relief on basis of art. 930.8 even though the lower court addressed the merits of the case. *State ex rel. Glover v. State*, *Id.* at 1201-02. Further, under Louisiana law, a Motion to Withdraw Guilty Plea must be filed prior to the imposition of sentence. La. C.Cr.P. art. 559. However, Louisiana jurisprudence holds that a Motion to Withdraw Guilty Plea filed after sentencing may be considered an application for post-conviction relief if it alleges that the guilty plea was constitutionally defective. *State ex rel. Clark v. Marullo*, 352 So.2d 223, 227 (La. 1977); *State v. Smith*, 406 So.2d 1314, 1316 (La. 1981) (A trial court adjudicating a motion to withdraw guilty plea after sentencing acts pursuant to its post-conviction jurisdiction.)

petitioner's first application for post-conviction relief, until September 15, 2010 when petitioner filed the instant petition, the petition must be considered time-barred under the provisions of 28 U.S.C. §2244(d).

Even if petitioner is given the benefit of statutory tolling reckoned from the date his conviction became final until the date his first application for post-conviction relief was ultimately dismissed by the Supreme Court, a period of well over one year elapsed thereafter before petitioner filed the instant petition for *habeas corpus* petition.

Tthe instant petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

   *2. Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way</u>

from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Coleman v. Johnson*, 184 F.3d 401.

Here, because the record is incomplete, petitioner has, for the purposes of this Report and Recommendation, been afforded tolling for a period of almost five years – from September 2003 through March 2008. It is highly improbable that he is entitled to that period of tolling and, it is more likely than not that petitioner's first application for post-conviction relief was not filed until at least a year after his judgment of conviction became final under the AEDPA.

### *Conclusion and Recommendation*

Nevertheless, this is a Report and Recommendation and not a final judgment. Petitioner is entitled to object to these findings and conclusions and, he is encouraged to do so. However, should he object to this Report and Recommendation, he should provide the date that his first application for post-conviction relief was filed, and, with respect to any claims for equitable tolling, he should allege specific and not conclusory facts and documentary evidence if available to support such a claim.

**ACCORDINGLY, IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.[5] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a COA, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a COA should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**.

THUS DONE this 31st day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[5] In the event petitioner objects, he should provide the date he filed his first application for post-conviction relief in the District Court and any other information which would support either statutory or equitable tolling of the limitations period.